## FISHBURNE v. MINOTT.

1. SUPREME COURT—DEMURRER—STRIKING FROM FILES OF COURT.—A motion to dismiss and strike from the files of the Court a case because frivolous and vexatious is in the nature of a demurrer for insufficiency and cannot be entertained originally in this Court.

2. PLEADINGS—ANSWER—DEMURRER—RULE OF COURT.—A motion to extend time to answer or demur supported by affidavit need not be noticed to the adverse party. If Rule 57 of Circuit Court conflicts with sec. 405 of the Code, the Code must govern.

3. IBID.—IBID.—IBID.—RULE 19 OF CIRCUIT COURT, requiring party applying for extension of time to answer or demur, to submit a certificate of the attorney that he believes defendant has a good and substantial defense, will not be enforced in cases where it is impracticable to obtain it.

Before DANTZLER, J., Charleston, September, 1904. Affirmed.

Action by Julian Fishburne against Harriott K. Minott, Mary E. Lowndes, H. A. M. Smith, G. H. Sass, Master, and his sureties. From order extending time of defendants to answer, plaintiff appeals.

*Mr. Fishburne,* for himself, appellant, cites: *As to notice:* Code of Proc., 402, sub. 2. *Should not be granted at chambers:* Code of Proc., 405. *Appearance of attorney is presumed to be for party: Sanders* v. *Price,* 56 S. C.; Code of Proc., 160; 61 S. C., 312; 46 S. C., 15. *Judge at chambers cannot extend time to answer except under Rule XIX.: Renneker* v. *Warren,* 20 S. C.

*Messrs. Mitchell & Smith,* contra, cite: *Notice of motion not necessary:* Code of Proc., 195; 70 S. C., 160; 14 S. C., 228; 38 S. C., 556; 60 S. C., 463; 65 S. C., 409; 14 Ency., 123; 37 S. C., 120; 60 Fed. R., 993. *Rule XIX. of Circuit Court is not imperative in all cases:* 43 S. C., 329. *Cause should be dismissed as frivolous and vexatious:* 20 Ency. P. & P., 44; L. R., 1 Q. B., 185, 677; 15 Appeal Cas., 210; L.

R., 2 Chan., 1; L. R., 2 Q. B., 189; 10 Appel Cas., 10; 11 Prob. Div., 59; 43 Chan. Div., 440; 14 Appeal Cas., 668. *No action lies against officer for coming to certain conclusions:* Mech. on Pub. Officers, secs. 619, 621, 622.

November 7, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    These are two separate appeals from separate orders of Judge Dantzler granted in the above stated case, both dated September 22, 1904—one granting defendants, Julian Mitchell and Henry A. M. Smith, additional time in which to answer or demur or take other proceedings, the other granting the same right to the defendants, Harriott K. Minott and Mary E. Lowndes.    The summons and complaint were personally served on Harriott K. Minott and Mary E. Lowndes on the 9th day of September, 1904, and copies of the summons and complaint were sent by mail addressed to Julian Mitchell and Henry A. M. Smith on the 10th day of September, 1904.    On September 22, 1904, Julian Mitchell, Jr., on behalf of these defendants, on an application at chambers, without notice to the plaintiff, procured the orders in question enlarging the time of answering, etc., until November 10, 1904, on his showing by affidavit that copies of the summons and complaint addressed to Henry A. M. Smith and Julian Mitchell were received at the office of Mitchell & Smith (of which firm he was a member) on the 12th day of September, 1904, and that the defendants, Henry A. M. Smith and Julian Mitchell, were at that time without the United States of America, in the kingdom of Great Britain, and were not expected to return within the United States until October 25, 1904.    It further appeared by affidavit that the defendants, Harriott K. Minott and Mary E. Lowndes, were aunts of Henry A. M. Smith, and that he had entire charge and control of all their business interests, and had been their legal adviser and attorney for the past fifteen years, and that said defendants were ignorant of all the matter alleged in the complaint, and that it was

impossible for them to prepare their defense without consultation with their said agent and attorney.

Before proceeding to consider appellant's exceptions, we will notice briefly a preliminary motion submitted by respondents, that this Court dismiss and strike the above entitled cause from the files of the Supreme and Circuit Courts on the ground that the same is frivolous and vexatious. It is contended that this Court has the inherent power to grant such motion, and should exercise the power in this case. We are of the opinion that such a motion should not be first addressed to this Court. Such a motion being based upon the allegations of the complaint, is in the nature of a demurrer to the complaint. If the complaint states facts sufficient to constitute a cause of action, it is not frivolous, and if it does not state facts sufficient to constitute a cause of action, the defendant has an adequate code remedy by demurrer or motion to dismiss in the nature of a demurrer. Section 268 of the Code provides a method of procedure in case a demurrer, answer or reply be frivolous, but the Code makes no express provision for summarily disposing of a complaint that is frivolous. Section 161 of the Code of Civil Procedure provides that "there shall be no other forms of pleading in civil actions in Courts of record in this State, and no other rules by which the sufficiency of the pleadings is to be determined, than those prescribed by this Code of Procedure." It may be that the Circuit Court, independent of the Code provisions, has the inherent power to summarily dismiss a complaint as frivolous and vexatious and an abuse of the process of the Court (a power, if it exists, to be rarely exercised and only in a very clear case), but as to that we are not called upon to express an opinion. It is sufficient to say that this Court as an appellate tribunal will not entertain such a motion presented here for the first time. This Court has held that a demurrer to a complaint for insufficiency cannot be interposed for the first time in the Supreme Court. *Green* v. *Green,* 50 S. C., 528, 27 S. E. R., 952. The reason is quite

as strong for declining to entertain this motion, which is in the nature of a demurrer for insufficiency. It is, therefore, adjudged that the motion be denied.

With respect to the orders in question, the appellant contends, first, that they are erroneous because no notice of application therefor was given. Section 195 of the Code of Civil Procedure provides that the Court may, "in its discretion and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or by an order enlarge such time, etc." Section 405 of the Code of Civil Procedure provides: "The time within which any proceeding in an action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged, upon an affidavit showing grounds therefor, by a Judge of the Circuit Court. The affidavit, or a copy thereof, must be served with a copy of the order, or the order may be disregarded." These sections give to the Circuit Court discretionary power, upon an affidavit showing grounds therefor, to enlarge the time for serving an answer or demurrer upon an *ex parte* application without notice. The statute does not require notice of the application as a condition for the exercise of such power, the only condition imposed being that there should be an affidavit showing grounds therefor. The provision that the order may be disregarded unless a copy of such affidavit be served with a copy of the order, implies that the adverse party need not have notice before the granting of the order. Rule 57 of the Circuit Court does provide that "all questions for argument and all motions shall be brought before the Court on a notice, or by an order to show cause, etc." If this rule of Court be construed to apply to a motion of this kind, the effect would be to impose a condition on the exercise of the power to enlarge the time for answering, etc., which the statute granting the power does not impose. In the case of *Grollman* v. *Lipsitz*, 43 S. C., 330, 21 S. E. R., 272, this Court held that Rule 66 of the Circuit Court, requiring

undertakings in attachment to be witnessed, was inoperative, as a rule of Court cannot impose conditions not required by the statute. Section 403 of the Code implies that there are motions in which previous notice is not necessary by providing for four days notice of a motion when notice is necessary. See *Latimer* v. *Sullivan,* 37 S. C., 120, 15 S. E. R., 798. The orders do not operate to the prejudice of the appellant and do not fall within that class of motions which in their nature are such as, if granted, would affect the right of the adverse party and ought, therefore, to be noticed.

The only other question which requires any notice is that the orders conflict with Rule 19 of the Circuit Court, which provides that "no order extending the time to answer or demur to a complaint shall be granted unless the party applying for such order shall present to the Judge to whom the application shall be made a certificate of the attorney or counsel retained to defend the action, that from the statement made to him by the defendant, he verily believes that the defendant has a good and substantial defense upon the merits, etc." Under the circumstances stated, it was impossible to comply with this rule, two of the defendants being out of the United States and the other two being dependent upon one of the absent defendants for information necessary for their defense in this case.

Speaking generally with reference to all the exceptions made, they do not show that the Judge committed any error of law, or in any wise abused his discretion in granting the orders in question.

It is, therefore, the judgment of this Court, that the exceptions be overruled, and the said orders enlarging the time for answering, etc., be affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*